Anthony G. GILL, Plaintiff–Appellant,

v.

Frank CALESCIBETTA, Chris Pidlypchak, David A. Mattes, Craig L. Harvey, Ronald A. French, Brian P. Harrington, Michael E. Murray, Charles Letourneau, Rodney P. Ashby, Craig C. Gummerson, Hans Walker, Cheryl Parmiter, Defendants–Appellees.

No. 03–274–PR.

United States Court of Appeals, Second Circuit.

Dec. 7, 2005.

Anthony G. Gill, Auburn, NY, for Appellant, pro se.

Martin A. Hotvet, Assistant Solicitor General (Andrea Oser, Assistant Solicitor

General, Eliot Spitzer, Attorney General of the State of New York, on the brief), Office of the Attorney General of the State of New York, Albany, NY, for Appellees, of counsel.

PRESENT: MINER, CABRANES, Circuit Judges, and CURTIN, District Judge.**

## SUMMARY ORDER

Plaintiff Anthony G. Gill appeals from a September 10, 2003 Decision and Order of the District Court granting defendants' motion for summary judgment and dismissing his various claims arising under 42 U.S.C. § 1983.

In the proceeding below, Gill alleged, *inter alia*, that defendants (1) deliberately jeopardized his health by exposing him to excessive levels of environmental tobacco smoke ("ETS") in violation of his Eighth and Fourteenth Amendment rights and the New York State Indoor Clean Air Act; (2) violated the Americans with Disabilities Act ("ADA") by discharging him from his messhall position on the basis of his asthmatic condition; (3) violated his First and Fourteenth Amendment rights by denying his requests to attend religious services while in keeplock confinement; (4) violated

his right to due process by adjourning plaintiff's disciplinary proceedings, thereby prolonging his keeplock confinement without probable cause, and by disregarding his appeal of a disciplinary sentence; and (5) retaliated against him for filing inmate grievances in violation of his First and Fourteenth Amendment rights.[1]

We review a district court's grant of summary judgment *de novo*. *Ford v. McGinnis*, 352 F.3d 582, 587 (2d Cir.2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003) (internal quotations omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir.2002).

Substantially for the reasons stated by the District Court, we hold that plaintiff failed to raise any "genuine issue of material fact" with respect to all claims *other* than his retaliation claims under the First Amendment.[2]

Regarding plaintiff's four First Amendment retaliation claims,[3] the District Court

---

** The Honorable John T. Curtin, Senior Judge, United States District Court for the Western District of New York, sitting by designation.

1. On appeal, plaintiff asserts that defendants' retaliatory acts also violated his rights under the ADA. *See* Br. of Pl.-Appellant at 16, 19.

2. On appeal, plaintiff attempts to recharacterize certain of defendants' allegedly retaliatory acts as violations of the ADA. *See* Br. of Pl.-Appellant at 16, 19. We dismiss all of plaintiff's claims under the ADA, however, because while state prisons "fall squarely within" the definition of a public entity for ADA purposes, *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998); *see also* 42 U.S.C. § 12131(1)(B), the ADA does not protect individuals from the

actions of state officials undertaken in their individual capacities. *See Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir.2001).

3. Plaintiff alleges four separate instances of retaliatory conduct. He claims that (1) defendant Calescibetta filed a false misbehavior report against him and thereupon placed him in keeplock confinement for sixteen days in retaliation for his having filed a grievance about the underenforcement of the prison's smoking policy, *see* Compl. ¶¶ 19, 26, 51; (2) defendants Letourneau, French, and Harrington placed him in keeplock confinement on a second occasion for fifteen days as punishment for refusing to withdraw a filed grievance, *see* Compl. ¶¶ 33, 35, 38, 40, 63; (3)

granted summary judgment on the ground that plaintiff could not demonstrate that his speech was "actually chill[ed]"—a required element of a First Amendment retaliation claim in non-prison contexts. *See, e.g., Curley v. Village of Suffern,* 268 F.3d 65, 72–73 (2d Cir.2001). The District Court based its finding on the fact that, since filing his complaint, plaintiff had commenced at least eight new actions against prison officials, adding to the 68 institutional grievances he had filed between October 2000 and January 2002.

To sustain a First Amendment retaliation claim, a prisoner must show that (1) the speech or conduct at issue was protected; (2) the defendant took "adverse action" against the prisoner; and (3) there was a causal connection between the protected speech and the adverse action. *See Gill v. Pidlypchak,* 389 F.3d 379, 380 (2d Cir.2004) (citing *Dawes v. Walker,* 239 F.3d 489, 492 (2d Cir.2001), *overruled on other grounds, Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). "Adverse action," defined objectively, is "retaliatory conduct 'that would deter a similarly situated individual or ordinary firmness from exercising ... constitutional rights.'" *Gill,* 389 F.3d at 381 (quoting *Davis v. Goord,* 320 F.3d 346, 353 (2d Cir.2003)).

Since the time of the District Court's grant of summary judgment, a panel of this Court has issued an opinion, in a case involving the same plaintiff and one of the defendants here, clarifying that in proving adverse action, a prisoner need *not* demonstrate an actual or subjective chill—that is, any dissuasion from further exercising *his own* rights. *Gill,* 389 F.3d at 384. As defendants acknowledge, *see* Appellee's Br. at 24, the fact that Gill had commenced multiple actions against prison officers since the alleged acts of retaliation is no longer of legal significance because, in the narrow context of prisoner retaliation suits, a prisoner need not demonstrate "actual chill."

Accordingly, we remand to the District Court so that it may determine in the first instance whether, with respect to any of plaintiff's four retaliation claims, there exists a genuine issue of material fact as to whether defendants engaged in retaliatory conduct that would "deter a similarly situated individual of ordinary firmness from exercising his constitutional rights." *Gill,* 389 F.3d at 381.

\*    \*    \*    \*    \*    \*

For the reasons stated above, we AFFIRM the District Court's order granting summary judgment and dismissing all of plaintiff's claims *other* than those pertaining to alleged retaliation for plaintiff's speech protected by the First Amendment. Regarding plaintiff's First Amendment retaliation claims, we REMAND to the District Court with instructions to determine, in light of our intervening decision in *Gill v. Pidlypchak,* 389 F.3d 379 (2d Cir.2004), whether there exists a genuine issue of material fact as to whether defendants engaged in retaliatory conduct that would "deter a similarly situated individual of ordinary firmness from exercising his constitutional rights." *Gill,* 389 F.3d at 381.

---

defendant Letourneau discharged from his position in the messhall in retaliation for his grievances, *see* Compl. ¶¶ 17, 71; and (4) defendants Pidlypchak and Calescibetta posted one of his grievances in the messhall area, *see* Compl. ¶¶ 48, 77.